NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALAHUDDIN F. SMART, | : |
| Plaintiff, | : Civil No. 04-4424 (AET) |
| v. | : **MEMORANDUM & ORDER** |
| JAMES E. MCGREEVEY, | : |
| Defendant. | : |

THOMPSON, U.S.D.J.

This matter is before the Court on Plaintiff's motion to reinstate his complaint, which was dismissed by the Court on June 23, 2005 after consideration of Defendant's motion to dismiss. The Court has decided this motion after considering Plaintiff's written submission, and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons below, the Court will deny Plaintiff's motion.

Plaintiff brings his motion pursuant to Fed. R. Civ. P. 60(b), which allows a court to grant relief from a final judgment or order. In effect, Plaintiff has brought a motion for reconsideration, which is governed by Local Civil Rule 7.1(i). Local Civil Rule 7.1(i) provides that "[a] motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion." D.N.J. Civ. R. 7.1(i). In addition, the movant must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." Id. In other words, the movant

may address only matters that were presented to the Court, but were not considered by the Court in making the decision at issue. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). A party asserting a difference of opinion with a court's decision should not bring a motion for reconsideration; rather, he or she should seek relief through the normal appellate process. Chicosky v. Presbyterian Med. Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988).

A court will grant a motion for reconsideration only if the movant establishes one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Relief under Rule 7.1(g) will be granted "very sparingly." Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986).

First, the Court notes that Plaintiff filed this motion out of time on March 20, 2006, more than 10 business days after entry of the Court's order on June 24, 2005. In addition, Plaintiff has not established that there was an intervening change in the controlling law, that there is new evidence, or that there was a clear error of law or fact. Instead, Plaintiff repeats arguments that were considered by the Court in its determination of Defendant's motion to dismiss. Namely, Plaintiff again argues that Defendant had a mental disability and could not discharge his duties as Governor of New Jersey, thus creating a vacancy in the Governor's office that would require a special election. Because the Court did not overlook this argument, and because Plaintiff's motion was untimely filed, the motion will be denied.

For the foregoing reasons and for good cause shown,

It is on this 28th day of April, 2006,

**ORDERED** that the Plaintiff's motion to reinstate his complaint [16] is **DENIED**.

                                        s/ Anne E. Thompson
                                        ANNE E. THOMPSON, U.S.D.J.